**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN EDWIN RANSOM, | No. 10-55766 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02340-IEG-WMC |
| v. | |
| GRAY, Doctor at RJ Donvan; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief Judge, Presiding

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Bryan Edwin Ransom, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to serious medical needs. We have jurisdiction under 28

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment to Santiago because Ransom's action, brought more than 10 years after his initial injury, was time-barred. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury actions, and a claim accrues when the plaintiff knows or should know of the injury which is the basis of the action); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California had a one-year statute of limitations for personal injury actions prior to January 1, 2003); *see also Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Ransom's motions for appointment of counsel because he failed to establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Ransom's remaining contentions are unpersuasive.

Ransom's motion for judicial notice is denied.

**AFFIRMED.**